Opinion of the Court, by
Ch. Jf. Boyle.
THIS was an action of covenant brought b.y.Letche.r against Wade and others, on a writing signed as by the plaintiff and a certain William W. Ewing, as by, the defendants, in the writipg the defendants represent themselves to be Trustees of Perry ville and of the meeting-house, and after reciting a meeting by them to ascertain whether or not the meeting-house was haif done, agreeable to contract, and. enumerating certain, parts of the work done and materials furnished, and in preparation by Ewing, the. undertaker, the writing proceeds as follows: ‘‘The whole of which materials, the said Ewing, as the undertaker, and Stephen G. Letcher, the b'ricldayer, who claims part of the brick, do hereby surrender and give up to the trustees of said tow,n~and. meeting-house, for the special-purpose of completing the said building.. In consideration of which, the said. trustees, do hereby agree, that the meeting-house above mentioned, when all the aboye materials are vested in them, is, by the said trustees, considered as half done; and it is further understood by the trustees, Ewing and Letcher, that the said Letcher is to take an order from. •Ewing for what the brick-work may amount to, and the trustees agree the order from Ewing to Letcher is to b? paid to said Letcher.”.
reementfor the breach of tlorTis^6aC_ bvoiwht.” ° (l) It is not necessary to set out the writing referred to in the instrument' sued Upon, where it appears it X: could not modify the
The declaration, after setting forth the writing, averá-that nil the above named materials tyere furnished th'e said trustees, and that the plaintiff, Letcher, performed the brick-work, which ampunted to $481, for which Ewing, in pursuance of said writing, gave an order to the plaintiif upon the trustees, which was afterwards presented to them for payment; hut that they wholly failed and refused to pay the same,
To the declaration the defendants demurred; but the circuit court overruled the demurrer. The defendants then filed three picas, to each of which the plain-iiiFdemurred, and the demurrers were sustained and the pleas adjudged to be insufficient. The defendants' having failed to plead further, an inquiry ofdasnag.es was awarded, and on taking the inquest, the plaintiff objected to the admission of any testimony tp prove the value of the brick-work done by him to be less than the amount of the order given by Kwipg to Letcher, or any testimony to prove the amount of any payments made to Ewing, or any testimony as to the full value of the whole work in building the meeting-housé, or any part thereof, and the court sustained the objection and excluded all evidence offered by the defendants to thesq points, tp which the defendants excepted., The jury found a verdict for $337 damages, for which judgment was rendered, and the defendants have brought the case to this court' by writ of error with supersedeas.
(1) The decision of the circuit court upon the demurrer to the declaration, is first in order to be noticed. It is objected that the declaration is defective in not having set forth the agreement between ¿he trustees and Ewing, the undertaker. As Ewing is styled the undertaker, in the writing declared on, it is necessarily implied, that there wa§ an agreement between him and the trustees respecting the building of the meetinghouse; but wfiat that agreement was, cannot be judicially known to the court, as it is not made a part Of the record by the pleadings of thq parties. But be the a§rcemen'; what it may, we can with certainty say, it cannot modify the agreement upon which this action is brought; for the latter is an absolute agreement to pay the order drawn by Ewing for the amount of the brickwork done by Letcher, without any reference to the former agreement, and cannot, therefore, be modified by it; and, of course, it follows, if the agreement between *13 íhe trustees and Ewing, as undertaker, co'uld not modify the agreement for the breach of which the action is brought, it was unnecessary to set it forth in the deciar-ation. .
(2) Where, a 00yainritis several, the party having' it must sue nJone,though the words be the performance-1
(3) In on nation for a breach of n. covenant to pay an order to be drawn by a certain person, for a sum to be ascertained by the plaintiff and such person, it. cannot be pleaded that the order was drawn for too great a sum, or that the/ true amount had been pa.id.
(2) Again, R is objected that Ewing should have, join-fid in the action, and that if was improperly brought in the name of Let.cher ajone. Ewing was undoubtedly interested in- the agreement on the part of the trustees to pay the order drawn by him in favor of Letcher; for i j j ' on the dishonor of the order by them, he would have been responsible for (be amount, being duly notified of the fact; but his interest was obviously not a joint terest with Letcher, the ipterestof Letcher being mediate and direct, and that of Ewing being only tingent or conditional; and the rule ¡upon this subject is, that where the interest is joint, though.the words o* the covenant be several, the action must be joint; but ff the interest be several, though the wprds of the covenant be joint, the action ¡must be several. The action was, therefore, correctly brought in the name of Letch-er alonp.
These are the only objections relied on as arisingout of the. demurrer to the declaration, and we perceive no Others whipli can be pretended to be availing. The declaration is not, indeed, drawn with technical skill and precision; 'but it shows substantially a good cause ofac^ tion in LetcKgr agaipst the trustees,
(3) The decision of the circuit court adjudging tlm pipas insuflicipnl, is next to be noticed. . In the history of the case, we have not given the picas at large; npr do we deem it necessary noyv to do so. All the pleas are obviously predicated upon the idea that the order drawn by Ewing jn favor of Letcher, was for more ihan the apnoont of the brick,-work done by Letcher, and that by the payment of lesssitm, the trustees had discharged their contract; but this idea is clearly erroneous. As Ewing was the undertaker of the whole work of the meeting-house, and probably for a stipulated price, it would seem naturally to be. a matter exclusively between him and Letcher, to ascertain the amount of the briek-wotlc; and as by the agreement of the parties, they had pointed out no other means of ascertaining it, and Ewing was bound to draw the order for (he amount of the brick-work, and the trustees had stipulated that the order should he paid! it was plain that it *14 was (be intention of the parlies, that the amount should be fixed by the assent of Ewing and Letcher alone. It follows, therefore, that the trustees were bound by the amount for which thp order was drawn, and that it.was not competent for them to allege that the true amount of the brick*work was less, or that by the payment of such less sum, they had discharged their contract. The pleas were, consequently, correctly adjudged to,be insufficient.
(4) It cannot in the casebe given in evidence that the order had fo^ton^great a sum, nor . that the de-which ^¡t' was to bo drawn had been paid er Evidence of the amount of theconsid-formed both^faiitiff ¡ind drawer is wholly irrole-•sant,
Sharp, attorney-general,^ (or plaintiffs; Hoggin, for-, defendant.
(4) The decision of the circuit court in excluding the eYtdéxice offered by the trustees, only remains to b.e.noticed. Upon this subject little need be said. It is, clear, from what has already been observed, that the trustees were bound by the amount of the order, and course, the testimony .offered by them to prove, the value of the bripk-workdone by Letcher,-to be less, was inadmissible. The testimony offered by them to. Prove payment to Ewing, vyas as clearly inadmissible; for the contract for the breach of which the action was brought, bound the trustees to pay the amount of the or^er io Letcher, and a payment to Ewmg.could not op-, erate as a discharge of it. And with respect to the (es^, limony to prove the value of the whole work of the meet-mg'housc, we can p.erceivc no bearing, that it had upon the subject, and it m„ust, we think, be regarded as whol*. ly immaterial, and on that ground, was inadmissible.
The judgment must be affirmed, with costs and dam-JO .... -V ages.